```
                  UNITED STATES DISTRICT COURT
                  NORTHERN DISTRICT OF INDIANA
                        HAMMOND DIVISION


CHERISE MONTGOMERY, Independent)
Administrator of the Estate of )
Brandon J. Haywood, Deceased,  )
                               )
            Plaintiff          )
                               )
       v.                      )    Case No.2:02 CV 209
                               )
VILLAGE OF LAKE STATION, et.al.)
                               )
            Defendant          )
```

                              OPINION AND ORDER

This matter is before the court on the Motion to Compel the Production of Statements of Witnesses Taken by Defense Counsel filed by the plaintiff, Cherise Montgomery, on August 26, 2005; the Motion to Compel the Production of the Personnel File of Brad Shrader Maintained by the City of Lake Station Police Department filed by Montgomery on August 26, 2005; the Motion to Compel the Psychiatric Records of Brad Shrader filed by Montgomery on August 26, 2005; the Motion to Compel Production of Records From Bulldog Towing & Recovery and Transport of Indiana, Inc. filed by Montgomery on August 26, 2005; the Motion to Complete the Deposition of Brad Shrader filed by Montgomery on August 26, 2005; and the Motion to Terminate the Examination of Brad Shrader filed by the defendants in conjunction with their response on September 9, 2005 and docketed on September 27, 2005.  For the reasons set forth below, the motion to complete Brad Shrader's deposition is **GRANTED IN PART**.  The remaining motions are **DENIED**.

Background

Cherise Montgomery is the independent administrator of the estate of Brandon Haywood, who was shot and killed during an altercation with police on March 27, 2005. Five of the six pending discovery motions concern Brad Shrader, who was the officer who shot Haywood.  The sixth motion concerns Thomas Forrest, a witness at the scene.

Discussion

Federal Rule of Civil Procedure 26(b) allows discovery "regarding any matter, not privileged." Rule 26 was amended in 2000 "to narrow the scope of discovery to compel the parties to focus on discovering information that is relevant to their caseís claims and defenses" rather than simply relevant to the subject matter of the litigation. *Sanyo Laser Products, Inc. v. Arista Records, Inc.*, 214 F.R.D. 496, 498 (S.D. Ind. 2003). Although this new relevancy standard remains broad, it does not license "fishing expeditions" into records that largely have no relevancy to the underlying litigation. *See Davis v. G.N. Mortgage Corporation*, 396 F.3d 869, 885-86 (7th Cir. 2005).  *See also Sanyo Laser*, 214 F.R.D. at 498-500.

Rule 26 also prevents the discovery of materials protected by the attorney work product doctrine except "upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means." Rule 26(b)(3).  Statements pre-

2

pared by an attorney in preparation for trial, including affidavits, are protected by this doctrine. See *Chan v. City of Chicago*, 162 F.R.D. 344, 346 (N.D. Ill. 1995); *McLaughlin v. Miles Laboratories, Inc.*, 124 F.R.D. 629, 630-31 (N.D. Ind. 1988).

In the Motion to Compel the Production of Statements of Witnesses Taken by Defense Counsel, the plaintiff complains that defense counsel spoke with witness Forrest twice before his deposition, took notes on the meetings, and generated an affidavit for Forrest to sign.  The defendants were unaware that Forrest had signed the affidavit until he brought it with him to the deposition.  The plaintiff further complains that the defendants took pictures of the location where the shooting had taken place, which the defendants did not produce until Forrest's deposition. The plaintiff argues that she is entitled to the photographs, attorney notes, and statements. She cites no law in support of this argument, which is contrary to the work product doctrine as recognized in this Circuit.  Accordingly, this motion is denied.

Next, the plaintiff seeks to compel the personnel file of Brad Shrader. On September 29, 2004, this court denied the first motion to compel on this issue because the personnel records not previously produced are protected by Indiana Code ß5-14-3-4 and the plaintiff had not stated why the information was deficient. Now the plaintiff argues that the unproduced records are necessary to determine the accuracy of Shrader's testimony that he

left the police force because of the mental anguish the shooting caused him.

Shrader was not disciplined for his participation in the events surrounding Haywood's shooting, and his reasons for leaving the force are irrelevant to the claim or defense of any party in this proceeding.  Contrary to the plaintiff's argument that Shrader's personnel file as an officer is necessary to impeach him on the issue of his ability to work following the shooting, the only information relevant for impeachment is the fact that Shrader does, in fact, work. Once again, the plaintiff has failed to cite any law in support of her motion to compel and has not provided any relevant reason why this court should reconsider its previous order on this issue. Therefore, this motion is denied.

Undeterred, the plaintiff seeks to compel Shrader's psychiatric records.  Neither party suggests that Shrader was seeing a psychologist or psychiatrist prior to Haywood's death, and the only evidence provided by either party indicates that Shrader received counseling after the incident.  Regardless, as stated above, the reason Shrader left the force is not relevant to this case.  More importantly, the plaintiff has not shown any manner in which Shrader waived the psychotherapist-patient privilege in this case. *See* **Cunningham v. Southlake Center for Mental Health, Inc.**, 125 F.R.D. 474, 477-78 (N.D. Ind. 1989). Additionally, for a third time, the court notes that the plaintiff fails to cite any law in support of her position.

4

On a similar vein, the plaintiff seeks to compel the production of records from Bulldog Towing & Recovery, of which Shrader is an owner.  The plaintiff states that initially, she requested all records pertaining to Shrader as an employee, but upon learning that Shrader was an owner of the company, sought corporate records pertaining to the company as well. Shrader's employment records, and the corporate records of a company wholly unrelated to this litigation, are totally irrelevant to this case. As previously stated, these records also are unnecessary for purposes of impeachment. Therefore, this motion to compel, which is also unsupported by any law, is denied.

Finally, the plaintiff seeks to complete Shrader's deposition, while the defendants seek to block its continuation. The plaintiff complains that defense counsel interjected numerous lengthy speaking objections during the deposition which triggered "feigned ignorance by the witness," ultimately causing plaintiff's counsel to "rationalize" that "it is hard to be a gentleman when I have a client who is brutally murdered." (Mot. For Dep., pp. 2-3). The defendants counter that the interjections were merely to clarify ambiguous questions, and that defense counsel terminated the deposition after plaintiff's counsel repeatedly attempted to harass Shrader by inquiring into subjects outside his scope of knowledge, attempted to make him view "gruesome autopsy photos,"  and ultimately accused Shrader of being a brutal murderer. (Response, pp. 2-4).

5

The resolution of this dispute requires reference to both the Federal Rules of Civil Procedure and the Standards of Professional Conduct Within the Seventh Federal Judicial Circuit.  Rule 30(d)(1) echoes the breadth of discovery permitted by Rule 26 by permitting objections to be stated during a deposition, but requiring objections "be stated concisely and in a non-argumentative and non-suggestive manner."  The Standards of Professional Conduct, which govern depositions in federal lawsuits and scope over both Rule 26 and Rule 30, state that counsel:

> ...will not obstruct questioning during a deposition or object to a deposition question unless necessary under the applicable rules to preserve an objection or privilege for resolution by the court.
>
> ...will ask only those questions we reasonably believe are necessary for the prosecution or defense of an action.
>
> *See* Standards of Professional Conduct Within the Seventh Federal Judicial Circuit, *available at*  http://www.ca7.uscourts.gov/Rules /rules.htm#standards (last visited Sept. 27, 2005).

By practicing in a federal court within the Seventh Circuit, all counsel agree to comply with these Standards, as well as with the Federal Rules.

A review of Shrader's deposition transcript reveals that counsel for both sides behaved inappropriately. Though many of the interjections made by defense counsel were to clarify ambiguous questions, many of these objections were longer than necessary to preserve the objection and became argumentative. Similarly, a number of the questions asked by plaintiff's counsel,

6

including his efforts to produce autopsy photos to "line up the wounds," were outside the scope of Shrader's knowledge or not relevant to this litigation.  Finally, the comment that Haywood had been "brutally murdered" was inexcusable. It is incumbent upon counsel for both sides to maintain their professional demeanor in all aspects of the litigation, however contentiously or emotionally the facts of the case are disputed.

Because Shrader's deposition testimony already has spanned 192 pages and consumed approximately three hours, the court will give the parties one additional hour in which to complete the deposition. Counsel for both sides are encouraged to comply with the Rules of Civil Procedure and Professional Conduct in the completion of this deposition, and no expansions of time will be granted.

Finally, the court notes that with the exception of the motion to continue Shrader's deposition, which itself is not supported by any law, the numerous motions filed by the plaintiff are inadequately briefed and totally without merit.  The plaintiff is warned that future unsupported and legally unjustifiable motions will result in sanctions.

_____

For the foregoing reasons, the Motion to Compel the Production of Statements of Witnesses Taken by Defense Counsel filed by the plaintiff, Cherise Montgomery, on August 26, 2005, is **DENIED**; the Motion to Compel the Production of the Personnel File of Brad Shrader Maintained by the City of Lake Station Police Department

7

filed by Montgomery on August 26, 2005, is **DENIED**;  the Motion to Compel the Psychiatric Records of Brad Shrader filed by Montgomery on August 26, 2005, is **DENIED**;  the Motion to Compel Production of Records From Bulldog Towing & Recovery and Transport of Indiana, Inc. filed by Montgomery on August 26, 2005, is **DENIED**; the Motion to Complete the Deposition of Brad Shrader filed by Montgomery on August 26, 2005, is **GRANTED IN PART**; and the Motion to Terminate the Examination of Brad Shrader filed by the defendants in conjunction with their response on September 9, 2005 and docketed on September 27, 2005, is **DENIED**.

ENTERED this 28th day of September, 2005


                                s/ ANDREW P. RODOVICH
                                   United States Magistrate Judge